887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald STROUTH, Plaintiff-Appellant,
v.
Lamar ALEXANDER, Governor of the State of Tennessee,
individually and as Governor; Defendant,
Ernest Pellegrin, Commissioner of the TDOC, Individually and
as Commissioner; Michael Dutton, Warden, Tennessee State
Prison; Eagleson, Correctional Officer; Harper,
Correctional Officer; Ransom, Correctional Officer;
Durham, Correctional Officer; H.W. Williams, Correctional
Officer; Bennett, Correctional Officer; Morris,
Correctional Officer; and Other Unknown, Unnamed Officers,
all individually and as Correctional Officers, Defendants-Appellees.
 No. 89-5557.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Strouth moves for counsel on appeal from the district court's order granting summary judgment to the defendants in this prisoner's civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Strouth is a prisoner on death row in the Tennessee State Penitentiary. The defendants are the Governor of Tennessee and various prison officials. Strouth's complaint alleged that he was brutally attacked by other inmates on death row. He requested only monetary relief. The district court granted summary judgment to the defendants because they were not deliberately indifferent to Strouth's security needs.
 
 
 3
 Strouth sued the defendants in their official and individual capacities. The Supreme Court has recently held that state officials sued in their official capacities for monetary relief are not persons for purposes of 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). Therefore, the defendants are subject to this suit only in their individual capacities.
 
 
 4
 Where the issue is whether prison officials failed to protect an inmate from an assault by other inmates, the standard is whether the prison officials were deliberately indifferent to the plaintiff's security needs. McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). Here Strouth points out that one of the inmates who attacked him had assaulted another inmate earlier on the same day. While the prison officials' failure to take extra security precautions with this inmate may have been negligent, the failure did not amount to deliberate indifference because no specific threats against Strouth were made.
 
 
 5
 Strouth also argues that the defendants should have moved immediately to stop the assault against him. Here the prison guards talked the assaulting inmates into giving up the assault. Given the facts of the situation, the officials chose to use persuasion, not force. Again, this choice does not amount to deliberate indifference to Strouth's security needs.
 
 
 6
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.